DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY.

NOVEMBER TERM, 1906.

---

SARAH A. GUNN, PLAINTIFF IN ERROR, v. DANIEL MUM-
FORD, DEFENDANT IN ERROR.

Argued November 27, 1906—Decided March 4, 1907.

1. In an action of replevin there was a plea denying property in plaintiff. Plaintiff's proofs were plenary that the goods replevied were her property. On the part of defendant, evidence of language and acts of plaintiff's husband was admitted, and they were claimed to show that the goods were his property. It having appeared, without contradiction, that plaintiff had appointed her husband her agent to sell or procure the sale of the goods in question—*Held*, that the evidence that the husband by words or acts had disclaimed the ownership of his principal, or had asserted his own ownership, did not present a question for the jury, and that upon the whole evidence a verdict should have been directed for the plaintiff.

2. A summons out of the small cause court was admitted in evidence upon the ground that it contradicted, or tended to contradict, the plaintiff's husband, who was a witness for her. *Held*, that as nothing can be discovered in the bills of exception which this summons tended to contradict, its admission was erroneous.

---

On error to the Gloucester Circuit Court.

601

For the plaintiff in error, *Austin H. Swackhamer.*

For the defendant in error, *Watkins & Avis.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR.    This writ of error brings before us a judgment of the Circuit Court of Gloucester county in an action of replevin.

The record discloses a declaration in replevin for the taking and detaining of certain pairs of hose.    To this declaration the defendant pleaded, first, *non cepit,* and second, that the hose were not the property of the plaintiff, and the case went to trial upon those pleadings.

The plaintiff supported her case with proof, which was plenary, of her ownership of the chattels in question, and that they came into the possession of the defendant, and that he retained the possession against her demand.

The defendant did not deny that he had possession of the hose in question, and that he had refused to deliver them to the plaintiff, but relied upon evidence which he claimed to sustain his second plea and to establish that the plaintiff was not the owner of the hose.    At the close of the evidence, plaintiff's counsel moved for a direction of a verdict in favor of the plaintiff.    This motion was placed upon two grounds —*first,* upon a claim that, upon the evidence, defendant was estopped from denying plaintiff's title, and *second,* that there was no evidence to controvert or render questionable the ownership of the plaintiff.    The Circuit Court refused this motion, and therein, we think, committed error.

It is unnecessary to consider whether the motion could be supported on the ground that the acts of the defendant had estopped him from questioning the title of the plaintiff, but we think it is clear, upon the other ground, that there was no question for the jury.

The only evidence apparently relied on to show property not in the plaintiff related to statements made and acts done by plaintiff's husband.    It appeared that plaintiff had employed her husband to sell and arrange for the sale of the

hose in question, and that he had delivered to the defendant the hose in question for sale upon commission. What was said by the husband in the course of the transaction and upon other occasions was permitted by the court below to be proved as tending to show that the property was in the husband and not in the plaintiff. We think this evidence was erroneously admitted. There was nothing justifying the conclusion, upon which it seems to have been admitted, that the husband and agent was empowered to thus deny the title of his principal and assert claim in himself. This being the only evidence to indicate that the plaintiff was not the owner of the hose in question, and being entirely insufficient to prove such a finding, we think there should have been a direction for a verdict.

There is another ground upon which we think there was injurious error.

The trial court admitted in evidence a summons issued out of a small cause court, upon proof that it was served upon the husband of the plaintiff. Upon the face of the summons it appeared that the cause in which it was issued was begun by James D. Carpenter against Charles B. Gunn, the husband of plaintiff. The defendant in error offered this summons as evidence, and the court admitted it against objection. It is proper to say that the court declined to admit it as evidence to show title to the hose in Charles B. Gunn, but admitted it as contradiction of Gunn. I have searched the evidence in vain to find anything which justified its admission even on that ground, and that error, in my judgment, was injurious to the plaintiff.

For these reasons, the judgment must be reversed for a *venire de novo*.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Fort, Garretson, Hendrickson, Pitney, Swayze, Reed, Trenchard, Bogert, Vredenburgh, Vroom, Green, Gray, Dill, J.J. 16.